**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MADELINE DAY,** | : | **Civil Action No.** |
| **1520 Yagle Avenue** | : | |
| **Prospect Park, PA 19076** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **BERKSHIRE HATHAWAY d/b/a** | : | |
| **BERKSHIRE HATHAWAY** | : | |
| **HOMESERVICES FOX & ROACH** | : | |
| **REALTORS,** | : | |
| **431 W Lancaster Avenue** | : | |
| **Devon, PA 19333** | : | |
| | : | |
| **3555 Farnam Street** | : | |
| **Omaha, NE 68131** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Madeline Day (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Berkshire Hathaway d/b/a Berkshire Hathaway HomeServices Fox & Roach, Realtors (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Berkshire Hathaway d/b/a Berkshire Hathaway HomeServices Fox & Roach, Realtors is a full-service real estate firm with a location at 431 Lancaster Avenue, Devon, PA 19333 and with corporate headquarters located at 3555 Farnam Street, Omaha, NE 68131.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant

to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on December 6, 2024, alleging disability discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-01811 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated July 18, 2025.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S DISABILITIES

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff has the medical condition of Crohn's Disease which is considered to be a disability under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

21. The major life activities affected by Crohn's Disease include, but are not limited to, eating, digestive system functions and immune system functions.

22. As a result of her disability, Plaintiff has permanent nerve damage in her lower back and legs.

23. Nerve damage is a serious medical condition which is considered to be a disability under the ADA and the PHRA.

24. The major life activities affected by nerve damage include, but are not limited to, walking and performing manual tasks.

## PLAINTIFF NOTIFIED DEFENDANT OF HER DISABILITIES DURING HER HIRING PROCESS

25. Plaintiff disclosed her disabilities to Defendant during the hiring process.

26. Throughout the hiring process, Defendant assured Plaintiff that this would not be an issue.

## DEFENDANT HIRED PLAINTIFF

27. On or about July 15, 2024, Defendant hired Plaintiff in the position of Settlement Coordinator.

28. Plaintiff was well qualified for her position and performed well.

29. Upon her hire, Defendant placed Plaintiff in training from on or about July 15, 2024 through on or about September 27, 2024.

30. Barbara ("Bonnie") Rose, Assistant Operations Manager, trained Plaintiff.

31. Plaintiff trained at Defendant's Devon, PA office, but after the training, she was scheduled to work out of Defendant's Haverford, PA office.

## PLAINTIFF REQUESTED ACCOMMODATIONS DUE TO HER DISABILITIES

32. During the training, Plaintiff informed Rose that because of her disability, she did not know when she needed to use the bathroom.

33. Further, Plaintiff was required by her doctor to walk around from time to time because of her nerve damage.

34. Plaintiff requested this reasonable medical accommodation.

## ROSE REFUSED TO ACCOMMODATE PLAINTIFF

35. However, Rose refused to allow Plaintiff to go to the bathroom during training and walk around briefly to move her legs.

36. Rose stated that Plaintiff had to do these things on her own time, not during training time.

37. Rose stated that Plaintiff could not have any breaks to use the bathroom or walk because "that's the law" but did not speak with Human Resources regarding breaks and bathroom use.

**ROSE SUBJECTED PLAINTIFF TO HARASSMENT BASED ON HER DISABILITIES**

38. Following this, Rose became increasingly sarcastic and rude towards Plaintiff.

39. Rose frequently switched up instructions on Plaintiff.

40. When Plaintiff asked about this, Rose exclaimed to do it the way she told Plaintiff.

41. Further, Rose accused Plaintiff of lying about her experience on her resume.

42. This was false.

43. Plaintiff had twenty-five (25) years' experience related to Title Processing prior to her being hired by Defendant.

44. Rose also refused to allow Plaintiff to communicate with the other Settlement Coordinators at Defendant.

45. Rose isolated Plaintiff by moving her further from the restroom and away from her coworkers.

**ROSE ISSUED PLAINTIFF AN UNWARRANTED WRITTEN DISCIPLINE**

46. On or about September 4, 2024, Rose issued Plaintiff an unwarranted written discipline for allegedly making mistakes on certain file tasks.

47. Rose claimed Plaintiff was just not comprehending it.

48. However, Plaintiff had just been given these new files.

49. Further, several other Settlement Coordinators checked Plaintiff's work and stated that Plaintiff was doing a proper job.

50. Plaintiff wrote a rebuttal to her written discipline.

**ROSE ISSUED PLAINTIFF A SECOND UNWARRANTED WRITTEN DISCIPLINE**

51. On or about September 13, 2024, Rose issued Plaintiff another unwarranted written discipline for the same alleged reason.

52. Plaintiff wrote another rebuttal to her write up explaining the work she had performed.

## ROSE ATTEMPTED TO TRANSFER PLAINTIFF TO ANOTHER LOCATION WHICH WOULD HAVE SIGNIFICANTLY INCREASED PLAINTIFF'S COMMUTE AND AFFECTED PLAINTIFF'S DISABILITIES

53. On or about September 13, 2024, Rose abruptly transferred Plaintiff from Defendant's Devon, PA office to Defendant's Jenkintown, PA office from September 13, 2024 through September 21, 2024.

54. This was a significant commute for Plaintiff.

55. Plaintiff complained to Rose about this as she only had two (2) weeks of training left per her previous conversation with Rose.

56. Plaintiff requested to remain at the Devon, PA office for the remainder of her training, before being transferred to the Haverford, PA office to work, due to the strains the commute would put on Plaintiff's disabilities.

57. Rose permitted this.

## ROSE TERMINATED PLAINTIFF

58. On or about September 27, 2024, Rose abruptly terminated Plaintiff, allegedly due to poor performance.

59. Defendant discriminated against Plaintiff due to her disability, failed to accommodate Plaintiff and retaliated against Plaintiff for requesting reasonable medical accommodations in violation of the ADA and the PHRA.

60. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

63. Plaintiff was qualified to perform the job.

64. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

65. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

66. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

67. Plaintiff's disabilities motivated Defendant's decision to take adverse actions against Plaintiff.

68. The purported reason for Defendant's decision is pretextual.

69. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

70. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

71. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

72. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

73. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

74. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

75. Plaintiff was qualified to perform the job.

76. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

77. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

78. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

79. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

80. The purported reason for Defendant's decision is pretextual.

81. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

82. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

83. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered

damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

84. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

85. Plaintiff engaged in activity protected by the ADA.

86. Plaintiff requested reasonable accommodations due to her disabilities to Defendant.

87. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

88. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

89. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

90. Plaintiff engaged in activity protected by the PHRA.

91. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

92. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Madeline Day, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: October 16, 2025            By:   /s/David M. Koller
                                        David M. Koller, Esquire
                                        Jordan D. Santo, Esquire
                                        2043 Locust Street, Suite 1B
                                        Philadelphia, PA 19103
                                        215-545-8917
                                        davidk@kollerlawfirm.com
                                        jordans@kollerlawfirm.com

                                        *Counsel for Plaintiff*